(161 App. Div. 219)

### DUFFY v. LINCH.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. MASTER AND SERVANT (§ 236*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff was employed by defendant as night watchman during the making of certain repairs to the track of defendant's street railroad, his duty being to set out red lanterns on each side of the track to warn travelers. Plaintiff, in placing one of the lanterns, took a position next to the track, and as he was straightening up was struck from behind by the step of a northbound car, which passed without stopping. He testified that he neither saw nor heard the car until he was struck, and that, when he procured a stone to set the lantern on, he looked and saw no car for at least a block, but did not look again. If he had taken a position away from the track, as he could have done, he would not have been struck. *Held*, that he was negligent as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 723–742; Dec. Dig. § 236.*]

2. MASTER AND SERVANT (§ 276*)—INJURIES TO SERVANT—DEFENDANT'S INSTRUMENTALITY.

In an action for injuries to a street railroad track watchman by being struck by a car approaching him from the rear, it appeared that cars belonging to two different companies were operated on the track, and that those of defendant were painted blue, and those of the other company were green, and the only evidence as to which company's car hit plaintiff was the testimony of one witness, who testified that the car was green and had a Second Avenue sign on it. There was no evidence that defendant's cars had such a sign. *Held*, insufficient to show that plaintiff was struck by defendant's car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. § 276.*]

Appeal from Trial Term, New York County.

Action by Anthony Duffy against George W. Linch, as receiver of the Second Avenue Railroad Company. From a verdict for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Chalmers, of New York City, for appellant.

McLAUGHLIN, J. [1] On the 20th of March, 1911, the defendant, as receiver, was operating a surface railroad in Second avenue,

---

New York City. At that time certain repairs were being made to the track, and for that purpose paving stones had been removed from between and along the side of the tracks and piled around the elevated railroad pillars, beside the tracks. The plaintiff, on the day mentioned, was employed as night watchman, and went to work about 5 o'clock in the afternoon. His duties, in part, at least, were to set out, and keep lighted during the night, ten red lanterns on each side of the track, to warn passers-by of the repairs which were being made. These lanterns had been properly placed and lighted, but for some reason, between 7 and 8 o'clock, he changed the location of one of them by placing it in a clear space between two piles of stones, and at a point about two feet east of the northbound track. He testified that he first placed a paving stone on the ground at the point selected, then put another one on top of it, and then placed the lantern on top of that, and was straightening up when he was struck from behind by the step of a northbound car, which passed on without stopping, that he neither saw nor heard the car until he was struck, and that when he procured the first stone he looked, but for at least a block no car was in sight. There is no proof that he thereafter looked, or took any precautions whatever for his own safety, notwithstanding the proof shows that upwards of 60 cars passed each hour. Where cars were passing as frequently as that, the plaintiff had to exercise great care for his own safety. He was not only negligent in this respect, but also in placing himself where he could be hit by a passing car. There was no necessity for his standing so near the track. He could have placed the lantern just as well by standing on the other side of the stones, and had he done so would have been in a place of safety, and could not have been injured, even though he had not seen the approaching car.

[2] The judgment cannot be sustained for another reason. The evidence is insufficient to establish that it was defendant's car which struck the plaintiff. At the place where the accident occurred two separate and distinct lines of cars were operated over the same tracks, those of defendant, which were painted blue, and those of the Metropolitan Street Railway Company, which were painted green. The only evidence as to which company's car hit plaintiff was the testimony of one witness, who stated that the car was painted green and had a Second Avenue sign on it. Whether or not the cars of the Metropolitan Street Railway Company, which ran over this line, had a Second Avenue sign on them, does not appear; but, if the car which hit the plaintiff were painted green, then the fact is undisputed that it was a car which did not belong to the defendant.

Upon both grounds, therefore, I think the motion to dismiss the complaint at the close of plaintiff's case, and for the direction of a verdict in favor of the defendant at the close of the whole case, should have been granted.

The judgment and order appealed from is therefore reversed, with costs, and the complaint dismissed, with costs. All concur.